## A. J. HENTIG v. J. W. REDDEN.

1. OCCUPYING-CLAIMANT LAW—*Void Proceedings.* Where proceedings under the occupying-claimant law have been commenced without request by either party, or a journal entry therefor, *held,* that such proceedings are without jurisdiction, and void.

2. SIDEWALK, *a Lasting Improvement.* Under the occupying-claimant law, the party in possession is entitled to pay for all lasting and valuable improvements, and such improvements would include a sidewalk extending alongside of the property, where the sidewalk was necessary to the property, or when ordered or directed by law, or by the ordinance of a city.

*Error from Shawnee District Court.*

THE facts are stated in *Hentig v. Redden,* 35 Kas. 471, and in the opinion, *infra.*

*F. G. Hentig,* for plaintiff in error.

*H. H. Harris,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action in ejectment and for rents and profits, brought by the defendant in error against the plaintiff in error, for the recovery of the possession of certain lots in the city of Topeka. Judgment was rendered for the plaintiff for the possession of the premises upon the payment of certain taxes found due to the defendant. And the defendant, plaintiff in error, removed the case to the supreme court on error, and by the decision of this court the judgment was affirmed as to the right of possession by the plaintiff, but reversed as to the computation of taxes due the defendant, and the case was remanded to the district court of Shawnee county to find the amount of said taxes. (35 Kas. 471.) After the mandate of the supreme court was received by the district court of said county, and before the case was reached for trial on the question of taxes for which it was remanded, and without the request of either party for the benefit of the occupying-claimant act, and without a journal entry being made, or any order showing such request, the plaintiff

caused notice to be served upon the defendant that upon a
certain day a jury drawn under the occupying-claimant law
would proceed to assess the improvements upon the lots in
controversy.   Afterward a jury was drawn, and the sheriff,
by the order of the court, was directed to proceed with the
jury to assess the improvements on said lots.   On the day
the jury was impaneled the parties appeared, and the record
and bill of exceptions show substantially the following facts:
It was agreed by the parties that the evidence might be intro-
duced to the jury by each party, and that the judge of the
court might rule upon all questions of relevancy or competency
of such evidence, and explain to the jury their duty in the
premises.   It was then admitted to the jury by the plaintiff,
defendant in error, that all the improvements on the lots in
question were put there by the defendant; also, it was shown
the gross amount of rent the defendant had received from the
said lots with the improvements thereon.   The defendant,
plantiff in error, then offered competent evidence to show that
she had constructed a sidewalk along the west side of said
property, as directed by an ordinance of said city of Topeka,
at a cost of forty dollars, and that said sidewalk was not as-
sessed as a tax against the property; the amount expended by
her in the collection of the rents received by her from said
property, including the rent of the improvements thereon,
and the incidental repairs made to said property during the
time said property was so rented, and the rental value of the
lots in controversy, exclusive of the improvements; and that
said rental value of said lots, exclusive of the improvements,
did not exceed the taxes for the same period; all of which
evidence so offered by the defendant was objected to by the
plaintiff, and said objections were sustained by the court, and
all of said evidence so offered by the defendant was excluded
from the jury.   Thereupon the jury returned their verdict in
proper form to the court.   Whereupon the defendant filed her
exceptions and objections to said verdict, which were as fol-
lows: 1. For the reason that no order or journal entry had

been made at the request of either party to the suit. 2. That said verdict was not based upon evidence before the jury. 3. That said verdict was contrary to law. 4. That said verdict was not in accordance with the facts, and not in conformity to the statute in such cases made and provided; which objections were by the court overruled, and excepted to by the defendant. On August 7, 1886, the case came on for final hearing on the question of taxes due the defendant, and the court found the amount of taxes legally due thereon, and thereupon rendered the following judgment:

"It is further ordered, adjudged and decreed that the said sum of $340.85, so found to be due for taxes, interest, penalties and costs to the defendant A. J. Hentig, and the same is adjudged a lien on said lots Nos. 408, 410, 412 and 414, on Clay street in the city of Topeka, and that the plaintiff pay to said A. J. Hentig said sum of money within 60 days from this date, with interest at the rate of seven per cent. per annum, and that the plaintiff shall not be let into possession of said premises until the same is paid with interest.

"And now the exceptions of A. J. Hentig, defendant, to the verdict of the jury drawn in this action under the occupying-claimant act to assess the value of the lasting improvements made on said lots Nos. 408, 410, 412 and 414, on Clay street in the city of Topeka, described in plaintiff's petition, coming on to be heard, and the court having heard the argument of counsel, and being fully advised in the premises, on consideration does overrule said exceptions; to which ruling of the court said A. J. Hentig objects and excepts.

"It is therefore, on consideration, ordered, adjudged and decreed by the court that the plaintiff, within 60 days from this date, pay to said A. J. Hentig, defendant, the sum of $450, with interest from this date at the rate of 7 per cent. per annum; and in default of the plaintiff's paying to said A. J. Hentig both of the foregoing sums, to wit, $340.85 for taxes, interest, penalties and costs, with interest, and the said sum of $450, assessed by said jury, with interest, within 60 days from this date, then in that event it is on consideration further ordered, adjudged and decreed that the said A. J. Hentig pay into the clerk's office for the plaintiff the sum of $250, with interest from this date at the rate of 7 per cent. per annum."

Whereupon the defendant filed her motion for a new trial

upon all the grounds enumerated in the statute; which motion was overruled by the court.   The defendant brings the case here for review.

This controversy is in relation to the rights of the parties under the occupying-claimant act.   The record brought to this court presents such a mixture of things that we are not able to clearly say that the facts which we deduce therefrom are absolutely correct, but we shall assume that they are.   Section 603 of the code of civil procedure provides how the occupying claimant shall set in motion its provisions.   It says:

"SEC. 603.  The court rendering judgment in any case provided for by this act, against the occupying claimant, shall, at the request of either party, cause a journal entry thereof to be made; and the sheriff and the clerk of the court, when thereafter required by either party, shall meet and draw from the box a jury of twelve men, of the jurymen returned to serve as such for the proper county, in the same manner as the sheriff and county clerk are required by law to draw a jury in other cases; and immediately thereupon, the clerk shall issue an order to the sheriff, under the seal of the court, setting forth the name of the jury, and the duty to be performed under this article."

This request by either party, provided for, gives the court power and jurisdiction to order the entry to be made upon the journal, and to the sheriff and clerk of the court the right to draw a jury; but without such request in the first instance no jurisdiction is given, and as no such request is found in the record, and no order or journal entry was made, the sheriff and clerk had no authority to draw a jury to assess the improvements on the property in controversy, and all proceedings thereunder are therefore void, unless the appearance of the defendant before the jury, and the stipulation entered into by the parties that the judge of the district court might pass upon the evidence to be submitted to the jury, was a waiver of the jurisdiction and estops the defendant from now asserting that the proceedings were void.

It is a well-recognized principle, that if a party to an action over which the court has obtained no jurisdiction, presents himself and becomes a party to the proceedings, he waives the

jurisdiction, but the appearance must be in some matter before the court. This then presents the question, was the stipulation between the parties to submit the controversy from a sheriff's jury to one before the court, or as the stipulation reads, "the judge of the court," such an appearance as will waive the request for the benefit of the occupying-claimant act. The bill of exceptions shows that the ruling on the testimony was by the court, and the court allowed and signed the bill of exceptions. The plaintiff, defendant in error, insists that all this took place before the sheriff's jury, and not before the court; that the judge of the court, by the stipulation, was allowed to pass upon the testimony, and that by reason of this stipulation the nature of the proceeding was not changed. If this is true, then the appearance of the defendant would not give the court jurisdiction when it is shown that the jurisdiction of the court was challenged at the time the verdict of the jury was first filed therein. But upon this proposition we are not clear, and as the proceedings before said jury will require a reversal of the action, it is not material now to determine whether the court had jurisdiction of the parties or not; for if it did, then a new trial ought to have been granted. The defendant offered proof of the construction of a sidewalk along one side of the property in controversy, at a cost to her of forty dollars; this evidence was excluded from the jury. This was error. The sidewalk, or other improvements required by law, or by an ordinance of a city, is an improvement that attaches to the property, and because the defendant paid for such sidewalk, instead of having it charged as a tax against the property, could make no difference to the plaintiff. The defendant offered competent evidence to show the charges and expenses paid by her in the collection of the rents and the incidental repairs made on the property, which was also excluded. If the plaintiff is entitled to recover from the defendant the rent of the premises, including the rents of the houses erected thereon by the defendant, then it was competent for the defendant to show what the net amount of rent so collected by her was, and she might show the charges of collection, the re-

pairs made on the property, and the like; and such charges were competent to be shown when the gross amount of rent had been ascertained by the plaintiff. As to the question whether the plaintiff was entitled to receive the net rent of the lot, including the improvements, we express no opinion. We are therefore of the opinion that if the court had jurisdiction, the exclusion of the evidence offered by the defendant was error requiring a reversal of the case.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.