## A. J. HENTIG V. J. W. REDDEN.

EJECTMENT—*Taxes*—*Interest*—*Practice.* In an action of ejectment for the possession of real estate, where the defense is based upon a tax-title, and the case is decided adversely to the defendant, and a motion is made by the defendant to ascertain the amount he is entitled to recover by reason of taxes, penalties and costs, paid on said real estate, together with interest thereon, and said motion is not heard and decided at once, seven per cent., prior to 1889, is the rate of interest the defendant is entitled to receive subsequent to the decision in ejectment.

*Error from Shawnee District Court.*

THE opinion states the case.

*F. G. Hentig,* and *E. A. Austin,* for plaintiff in error.

*A. L. Redden, Irwin Taylor,* and *H. H. Harris,* for defendant in error.

Opinion by STRANG, C.: This was a hearing on a motion by the defendant in the district court, in a case there pending, in which the title to certain lots had been settled against him, to ascertain the amount due from the plaintiff in the case, for taxes, penalties and costs paid by him on said lots, together with interest thereon, and to have said amount declared a lien on said lots. The matter was referred to Byron Roberts, as referee. Mr. Roberts heard the parties and made a report, but there being some technical objection to the report, it was by consent of both parties set aside; whereupon, the matter was again referred to Mr. Roberts, the court, at the time, making an order directing the referee how to proceed to ascertain the amount of taxes, penalties, costs and interest due from the plaintiff, the successful party in the suit, to the defendant. The referee again heard the parties and made a report, which is complained of by the plaintiff here.

The insufficiency of the record renders it impossible for us to investigate the findings of the referee. The most we can do is to examine the order of the court which furnishes the basis for the findings of the referee; and refer to certain of-

fers of the plaintiff to make certain proof, which offers are contained in what purports to be a bill of exceptions. The plaintiff claims in his brief that these offers were rejected by the referee, but the record shows that they were received by the referee, and the record is controlling. But a glance at the offers shows that they were not made in accordance with any rule for the introduction of evidence. There was no witness produced, sworn and questioned, by whom it was proposed to make the proof offered, nor were any records produced, identified or offered, by which the proof was to be made. There was nothing but a bare statement by the party of a set of conclusions that he said he could prove. Such statements are not offers to prove anything. An offer to prove must be supported by a witness, or record, or some form of evidence, by which the offer can be made good. The plaintiff complains of the order of the court. He says the court directed the referee to find when the action of ejectment for the lots was decided, and says that a decision of the ejectment suit had nothing to do with the question of taxes. That she is entitled to twenty per cent. interest on sums paid up to the time when the amount of taxes is found by the court, without any regard to the decision of the ejectment suit, or the settlement of the title to the lots. The contention of the plaintiff below is, that after the decision of the ejectment case, the rate of interest on the sums paid is seven per cent. This is the view the court took of it, in making the order complained of.

We think the court was right; and that after the decision against the defendant below, on the question of title to the lots in litigation, if for any reason the amount of taxes is not immediately ascertained, the rate of interest thereafter is but seven per cent.

This seems to have been the real difficulty in the case. It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.