A. J. HENTIG v. J. W. REDDEN et al.

**No. 491.\***

OCCUPYING CLAIMANTS' ACT—*Election—Estoppel.* R. recovered judgment against H. for the land in controversy. It was also adjudged that H. had a lien for taxes and was entitled to the benefit of the occupying claimants' act respecting improvements made thereon. R. paid the taxes adjudged a lien on the land, and on December 10, 1890, obtained possession by writ of possession wrongfully issued in the case without first having had the value of the improvements determined, and afterward, in November, 1893, conveyed the lands to the other defendants in error, by warranty deed, for an express consideration of $3000, and soon thereafter died. His grantees took possession, and so remained in possession of the lands when, on the 22d day of June, 1896, on application of H., the value of the improvements and of the land was ascertained, and the court adjudged H. to have a lien on the land therefor, and ordered that the land be sold to pay the same unless the amount thereof be paid by R.'s grantees within thirty days. On June 29, 1896, R.'s grantees, in whose name the case had been revived, asked to be allowed to elect to take the appraised value of the land, and that the court fix a day for the payment thereof. *Held,* that the conduct and position of the grantees with respect to the property, voluntarily assumed by them, were so inconsistent with the right of election as to preclude them therefrom.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 15, 1898. Reversed in part.

*F. G. Hentig,* and *E. E. Chesney,* for plaintiff in error.

*A. L. Redden,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : Defendants in error move to dismiss upon three grounds : First, that no bond for costs was

* Petition for order to certify denied by supreme court February 11, 1899.—REP.

Hentig v. Redden.

given as provided by rule 2 of this court.   A deposit of money was made with the clerk in lieu of bond, to the clerk's approval.   This was sufficient to authorize summons in error to issue.   Second, that the case-made was not made and served within the time and mode prescribed by the statute.   Under this ground it is contended that no motion for a new trial was required to preserve the exceptions to the action of the court assigned for error ; that no order was made for an extension of time within three days after the orders and judgment complained of ; and that the order extending time to make and serve a case after the motion for new trial was denied was therefore void.   There was a trial of issues of fact in the case, by the court, and findings of fact made therein, with conclusions of law therefrom.   A motion for a new trial was necessary to enable the defendant to avail herself of any supposed errors occurring during the trial or to present the question of the sufficiency of the evidence to sustain the findings of fact.   Third, that the brief of the plaintiff in error does not conform to rule 6 of the court.   By amendment, with the permission of the court, the brief has been made to conform to the rule without apparent prejudice to the rights of the defendants in error.   The motion to dismiss is denied.

The assignments of error on the merits are as follows :   (1) In reducing the amount of the value of improvements made upon the land, that had been agreed upon by the parties ;   (2) in allowing, in reduction of the value of improvements, a part of the taxes levied on the land which had been paid voluntarily in 1890 by the plaintiff ;   (3) in allowing the plaintiffs a second election or to change their prior election made under the occupying claimants' act ;

(4) in refusing to allow defendant to reduce the appraised value of the land without the improvements by the amount of rents received by the plaintiff from the improvements while wrongfully in possession thereof during the pendency of the suit ; (5) that the conclusions of law are not supported by the facts as found ; and (6) in denying defendants' motion for a new trial.

The first and second assignments cannot be sustained, because the court therein followed the instructions of this court contained in its opinion in this case, reported in *Hentig v. Redden*, 1 Kan. App. 163, 41 Pac. 1054. That opinion became the law of the case, and error cannot be predicated on the action of the trial court in observing the directions therein given.

The question presented under the third assignment is, Had the plaintiff placed himself in a position so inconsistent with his right to elect to take the appraised value of his land as a successful claimant under the occupying claimants' act as would in law estop or preclude him from an exercise of that statutory right? He cannot be said to have exercised that privilege before, as the time therefor arrived only when the value of the land and the value of the improvements, respectively, had been determined.

On February 18, 1885, the plaintiff recovered a judgment that he was the owner and entitled to the possession of the land in controversy, upon the payment of taxes. It was a part of that judgment that the defendant was entitled to the benefits of the occupying claimants' act. The court found the amount of the tax lien, including therein taxes on the improvements as well as on the lands, and charged the defendant with rents and profits of the property, including the improvements, and gave the plaintiff

judgment for the excess thereof over the taxes and value of improvements. This part of the judgment was reversed by this court and the case remanded for a new trial on this branch of the case. Subsequently the amount of the tax lien was determined separately, neither party asking a redetermination of the questions arising under the occupying claimants' act.

The plaintiff paid the tax lien, asked for and obtained a writ of possession, and was thereunder put in possession of the land December 10, 1890, and remained in possession until he conveyed the land to his grantees, November 29, 1893, and his grantees remained in possession until the trial of June 22, 1896, wherein the judgment was rendered which is complained of in this proceeding. The plaintiff having theretofore died, the action was revived in the name of the grantees so in possession in violation of the provisions of the occupying claimants' act and of the defendant's rights thereunder. On the 25th day of June, 1896, they came into court, tendered a deed to the defendant for the land, elected to take the value of the land, and asked the court to fix a date by which the defendant should pay them the appraised value, or be precluded of all right to her improvements which they had possessed and enjoyed for almost six years. On July 6, 1896, the court permitted the election, and required the defendant to pay them the value, $1000, in ninety days, and adjudged that, upon her failure to pay, the grantees of plaintiff hold the premises free from all claims of the defendant, and the deed should be returned to them. On the 8th of July the defendant moved the court for an order restoring her to the possession of the property. This was, on July 13, denied her. On the same day she moved the court to ascertain the rental value of her

improvements during the several years the plaintiff and his grantees had been in the wrongful possession, and that this rental value be set off against the $1000 so required to be paid by her. This was denied on August 3, 1896. This refusal constitutes the ground of the fourth assignment. Was the position of the grantees of the plaintiff thus voluntarily assumed such as to create a bar or estoppel to their right of election at the time it was allowed?

The court had adjudged the value of the improvements to be a lien on the land, and had decreed a sale of the land in case the grantees did not pay the amount in thirty days. So it will be observed that the land and the possession thereof with the improvements were, by the grantees of the plaintiff and by the court, against the objections and exceptions of the defendant, treated as rightfully in the plaintiff's grantees. Mr. Bigelow, in his work on Estoppel, page 673, says:

"A party cannot occupy inconsistent positions, and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the fact, determines an election and works an estoppel."

There is no paucity of authorities sustaining this statement of the law. The rule has been applied and a party held to be estopped to assert the provisions of a statute making an act unlawful where he had accepted benefits therefrom. (*Scholey v. Rew*, 23 Wall. 331.) It cannot be asserted that the defendants in error did not know all the facts and their rights thereunder presently accrued or to accrue in the progress of the case. For the fact that there was long delay in determining the rights of the plaintiff in error

Hentig v. Redden.

under the occupying claimants' act they are at fault. They have been in receipt of the benefits of that long delay and of those arising from their possession, to the injury of the plaintiff in error. We conclude that the acts and position of the defendants in error for so long a time were inconsistent with their claim of election to sell their land at the appraised value, and it being impossible by reason of such acts and position to allow the election without great injustice to the plaintiff in error, the claim of election ought to have been denied.

That part of the judgment allowing this election is reversed, but the judgment is in all else affirmed, and the case is remanded with directions to the trial court to set aside and vacate that part of the judgment giving the defendants in error the election to take the appraised value of the land and requiring the plaintiff in error to pay the same in ninety days upon condition of her forfeiting her rights as occupying claimant in case of her failure so to do. The costs of this court will be divided between the plaintiff and defendants in error.