ELM PARK IOWA, INC., Plaintiff-Appellant, v. DENNIS-TON, and others, Defendants-Respondents.

Supreme Court

No. 78–085. Decided June 29, 1979.
(Also reported in 280 N.W.2d 262.)

For appellant: *Edwin C. Conrad* and *Stephen E. Gavin & Associates* of Madison.

For respondents: *Bronson C. La Follette,* attorney general, and *Charles R. Larsen,* assistant attorney general.

*PER CURIAM.*

Plaintiff-appellant moves that we retain jurisdiction in this case, which is subject to transfer to the court of appeals in our discretion under sec. 131, ch. 187, Laws of 1977. It is argued that plaintiff-appellant is entitled to have this appeal passed on by the supreme court as a matter of statute law and constitutional right. We reject these arguments and order the transfer of the case.

The appeal in this case was filed in the circuit court on July 28, 1978. This was four days before the effective date of those portions of ch. 752, Stats., relating to the jurisdiction of the court of appeals. Under sec. 131, ch. 187, Laws of 1977, appeals pending in the supreme court in which the respondent's brief has not been filed as of April 1, 1978, may be transferred to the court of appeals notwithstanding that the court of appeals did not have jurisdiction at the time the appeal was taken. Plaintiff-appellant argues that until August 1, 1978, it had a statutory right of appeal to the supreme court. It claims this was a vested right, and to transfer the appeal to another forum would violate the fourteenth amendment to the United States Constitution. It also argues that the transfer law is an unconstitutional attempt to delegate legislative power to the supreme court.

The vested right argument asserted by plaintiff-appellant is not new. It was presented to, and rejected by, the courts of Indiana and Kansas more than 80 years ago. *See Hentig v. Redden,* 1 Kan. App. 163, 41 P. 1054 (1895) and *Branson v. Studabaker,* 133 Ind. 147, 33 N.E. 98 (1892). The reasoning of the Indiana court in *Branson v. Studabaker, supra,* which was adopted by the Kansas court, is worth quoting here:

"There is no vested right in a remedy or in a tribunal. Remedies and tribunals may be changed by substitution without impairing vested rights. It may be granted that a remedy cannot be entirely swept away or rendered utterly ineffective by the destruction of a tribunal; but granting this will not authorize the conclusion that the substitution of the appellate court for the supreme court, in a class of cases falling within a limited jurisdiction, impairs a vested right, for parties have still a remedy and still a competent tribunal to administer that remedy." (133 Ind. 152).

The court of appeals is a competent tribunal to hear an appeal, having been authorized by constitutional amendment and created by legislative enactment. The right created by statute and vested in plaintiff-appellant as the aggrieved party is the right to appeal. That right has been preserved. Only the procedure by which the appeal is to be decided has been changed. As this court said in *Strange v. Harwood,* 172 Wis. 24, 26, 177 N.W. 862 (1920) :

"No litigant has a vested right in a particular remedy, so he can have none in rules of procedure which relate to the remedy."

In support of the second argument, it is urged that only the legislature can create the right to appeal, and this court by transferring a case to the court of appeals is creating a new appeal right. The power of a supreme court, granted by statute, to transfer appeals to subordinate appellate courts, is a procedural and not a substantive power. In *Kennedy v. Wheeler,* 256 S.W. 315 (Tex. Cir. App. 1923), the authority of the Texas Supreme Court to transfer cases from one appellate district to a newly created district was upheld. The Texas Supreme Court ordered the transfer of the cases under a statute

authorizing it to transfer cases in order to equalize the work load between the districts. The statute in question here provides the means for equalizing work load between the newly created court of appeals and this court. Transfer of this and other cases to the court of appeals pursuant to the statute does not create a new appeal right.

Under the new appellate structure created by ch. 187, Laws of 1977, the court of appeals has exclusive jurisdiction over appeals as a matter of right. The appellate jurisdiction of the supreme court is discretionary. In making the new appellate structure retroactively applicable to a limited class of cases, the legislature has violated no vested rights, and has not violated the separation of powers doctrine.

The motion to retain jurisdiction is denied, without costs, and the cause is transferred to the court of appeals, pursuant to sec. 131, ch. 187, Laws of 1977.