ADAMS, AND WIFE, v. BARRON, ADM'R.

1. When dower is assigned, out of adjoining lands, lying in contiguous counties, the party at whose instance it is done, cannot afterwards complain that the court had no jurisdiction to make an allotment out of the county.

2. A return of the sheriff, that he has assigned dower to the widow, "as shown by the annexed return," is sufficient, as it will be presumed, that the return annexed, is the report of the commissioners.

3. A designation of the tracts allotted as dower, by their designation at the land office, is sufficient, without describing them by metes and bounds.

4. An assignment to the widow, and putting her in possession, is sufficient, though she has a husband.

5. Notice of the time of the confirmation of the report of the commissioners, is not necessary. If injured by such confirmation, a motion should be made in the same court to set it aside.

Error to the Orphans' Court of Perry County.

THE plaintiffs in error filed their petition in the orphans' court of Perry county, claiming dower in certain lands described in said petition, in right of said Lucy Ann Adams, who was the widow of James B. Tutt, late of Perry county, deceased, and who, since the death of her late husband, had married the said Benjamin H. Adams.

The facts of the case sufficiently appear in the opinion of the court.

BROOKS & BYRD, for the plaintiff in error, cited 10 Ala. R. 455; 6 Ala. R. 219; Clay's Dig. tit. Dower.

JOHNS and GRAHAM, for defendants, cited Aik. Dig. 2d ed. 613, § 1; Johnson v. Neal, et al. 4 Ala. R. 166.

CHILTON, J.—This was an application, by plaintiffs in error, to the orphans' court, by petition, praying the allotment of dower in right of Lucy Ann Adams, widow of James B. Tutt, late of Perry county, deceased, who, since the death of her late husband, had married the said Benjamin H. Adams.

The lands out of which dower is claimed, are particularly described by their numbers as designated in the survey of the United States. The petition asserts, that though some twenty-five tracts are named, they all form but one farm, and lie in one body, but the line between the counties of Perry and Dallas divides the farm. We are not advised by the petition, what lands lie in one county and what in the other, nor do any of the proceedings had in the orphans' court disclose this fact. A writ was issued by the court according to the prayer of the petitioners, and the sheriff of Perry county executed the same, according to its mandate, by the appointment of five commissioners, who allot the dower to the widow, and make return of their proceedings to the said court. The sheriff also returns substantially the facts at large, as reported by the commissioners, who certify that after the allotment, they put the said Lucy Ann Adams into possession of the part thus allotted her for her dower. The court confirmed the action of the commissioners and sheriff, and decreed the dower accordingly. Adams and wife assign for error in this court, 1. That by the writ to the sheriff of Perry, he was required to assign dower in Perry and Dallas counties. 2. To allot dower to Lucy Ann Adams, instead of to her and her husband. 3. That the wife only, and not the husband, was placed in possession of the land allotted. 4. That it does not appear in what manner the sheriff has executed the writ, or in what county the lands lie in which dower is assigned. 5. That the commissioners do not allot by "metes and bounds," but merely by numbers; and 6. That plaintiffs in error had no notice of the time when the report of the commissioners would be confirmed by the court.

The case before us presents the singular anomaly of a party complaining at the action of a court, in granting the relief prayed for by them, and which, so far as the record discloses, did not in any manner contravene their wishes.

It is unnecessary for us to inquire whether, if the decedent had lands adjoining, and constituting but one tract, which intersected by a county line, the orphans' court of either county, under our statute might not allot the dower. It is a sufficient answer to the objection raised by the plaintiffs in error, that they asked the court so to make the allotment.

Besides, it does not appear that any portion of the lands set apart for the widow were without the county of Perry. If they were, and the plaintiffs in error sustained any injury by the supposed want of jurisdiction, they should have moved in the orphans' court for its correction, and if that court had refused their application, the petitioners might well have applied to this court for redress.

The return of the sheriff, we think altogether sufficient. It sets forth the names of the commissioners selected by him —that they were sworn, and that they proceeded to assign and set apart the dower "as shown by the [his] annexed return." The return alluded to, we may fairly presume, was the report of the commissioners. This bears date prior to the sheriff's return, and follows in consecutive order in the record, an entry in which recites, that the sheriff's return certified to the court the action of the commissioners under the writ.

The description of the land contained in the report of the sheriff and commissioners made to the court, is a sufficient compliance with the statute requiring the commissioners to set off the dower by metes and bounds. The numbers of the tracts are given as designated by the United States survey, and for all practical purposes, this is as certain and definite as though the boundary had been defined by natural objects.

That the assignment was not made to both the plaintiffs, and that the widow of the deceased was put into possession instead of her husband, if erroneous at all, were not errors that plaintiffs can avail themselves of. The petition prayed the court to allot the dower to Mrs. Adams, and the statute is express that the commissioners shall put the widow in possession. Clay's Dig. 173, § 5.

We need hardly resort to the legal fiction, to determine that the possession of the wife is the possession of the husband. He certainly has a right to enter upon the land, and cannot therefore complain.

The statute under which the plaintiffs made their application, does not require that they shall have notice of the time when the report of the commissioners will be acted on by the court. It declares, "the proceedings upon such petition for dower shall be in a summary way, and the court shall at

their first term when such petition is filed, proceed to hear and determine as to them shall seem just and right; provided the petitioners give notice," &c. If plaintiffs in error were injured by the confirmation of a report of the commissioners under which they are placed in possession of the land, they should have moved in the orphans' court to set aside the confirmation. In any aspect in which we can view this case, we are satisfied there is no error of which the plaintiffs in error can be allowed to take advantage. 4 Ala. R. 166.

Decree affirmed.