JOHN A. HENDERSON AND SAMUEL P. CHAIRES, EXECUTORS, &C., APPELLANTS, VS. M. M. CHAIRES, APPELLEE.

1. Under the statute providing a summary mode for the allotment of dower, notice of the application to confirm the report of the commissioners appointed to make the allotment, is not necessary.

2. The allotment must be in property of which the husband "died possessed" and the commissioners have no authority to allot *mesne* profits, or other proceeds acquired, after the death of the husband, though the widow may be entitled to these, and may recover them in some other proper proceeding. It was error to confirm a report making allotment in such after-acquired part of the estate.

Appeal from the Circuit Court for Leon County.

Judge McCLELLAN, of the First Circuit, sat in the place of Mr. Justice RANEY, disqualified.

The facts of the case are stated in the opinion.

*John W. Malone* for Appellants.

*R. W. Williams* for Appellee.

MAXWELL, J.: In the original opinion we treated the 4th and 6th errors as practically abandoned because there was no argument on them before us. The membership of the court having changed after the first argument, and the petition for rehearing having brought to our attention that on that argument these errors were discussed, we granted a rehearing because of our omission to consider them.

The 4th error is that " the court should not have confirmed the reports of the Commissioners on the same day they were made and filed without giving the defendants an opportunity of excepting to them." It is shown by the record that notice of applications to confirm the reports was given to the attorney of defendants—the first, one day, and the second five days beforehand. But if that had not been done we are not prepared to say that any notice was necessary, though it would be better practice to give it. The proceeding was a statutory one which says the statute " shall be in a summary way," the only notice required being ten days notice to the executors or administrators previous to the hearing. Under a similar statute in Alabama it was held not to be necessary that the petitioners should have notice of the confirmation of the report, and that if they were injured by it they should move to set it aside. Adams vs. Barron, 13 Ala., 205. The same rule would apply to the defendants. The confirmation of the reports in the present case was not error.

The 6th error is that " the court ought to have refused to confirm the reports of the commissioners because more real and personal property is allotted * for dower than the statutes authorize." We are shown nothing against the

correctness of the allotment of real estate made by the first report. As to the allotment of personalty by the second report, there is serious objection. Part of the allotment is of money and lint cotton received by the executors for rent of lands since the death of the testator; another part, of money receized by them from proceeds of the sale of personal property, and of the appraised value of other personalty. These are proper allowances, except those of one-half of what was received for rent, which should have been one-third, as under the dower law she is entitled to only one-third of the realty for her life. There being no child of the marriage, she is entitled to one-half of the personalty, but not of the realty. But the statute under which this proceeding was brought does not contemplate any such allowances. It was intended as a summary mode for the allotment of dower in property, and property in kind, of which the husband died seized and possessed. As to personalty, it provides that the commissioners appointed to allot·dower shall "allot and set off to the widow her portion of the personal estate of which her husband died possessed." McClellan's Dig., 476-7. Construing the statute strictly, as the law requires in dealing with statutes providing summary remedies, the commissioners had no authority to make allotment of anything except of property, of which the husband *died possessed*. This is not what was done; and in the absence of that flexibility allowed in equity, not even the doing under the statute of what was proper in itself, and should be done in a proper proceeding, can be sustained. In May vs. May, 7 Fla., 207, the court held that the commissioners are not "competent" to ascertain and set off *mesne* profits to the widow, and in this we concur, but we cannot concur in what was said in that case as to the authority of the court in a proceeding under this

statute to allow *mesne* profits, and to appoint a master to state an account of the same; and this, as also that in which we concur, was *obiter dictum*, the proceeding there being by bill in chancery, and not calling for any construction of the statute. The allotment must be made just as the statute directs, and it gives no authority for the exercise of the chancery power of appointing a master. The commissioners must make it, and must make it from property of the estate as it was left at the death of the husband.

For error in confirming the report as to personalty the decree must be reversed, but without prejudice to the petitioner, if she should choose to institute other appropriate proceeding to recover her portion of the estate which is the subject matter of said report.

But as the main litigation in the case has been decided in her favor the costs should be paid by the defendants out of the estate, except those which accrued in connection with this report, and it is so ordered.