## Austin *v.* Willis.

*Ejectment by Widow and Heirs, against Purchaser at Administrator's Sale.*

| 90 | 421 |
| 108 | 580 |
| 90 | 421 |
| 113 | 130 |
| 90 | 421 |
| 121 | 195 |

1. *Sale of decedent's lands for equitable division; description of lands in petition.*—Under a petition filed by an administrator, asking a sale of lands for equitable division among the heirs, and describing them by their government numbers, followed by the words, "containing in all 596 acres, more or less, *less or excepting* the widow's dower, described as follows," describing 200 acres of the same land, which had been allotted to the widow as dower, only the widow's life-estate, or dower interest in the 200 acres, and not the absolute estate, is excepted.

- 2. *Allotment of dower; order of confirmation.*—An allotment of lands to a widow as her dower, by commissioners appointed for the purpose (Code, § 1907), does not vest in her any legal title to the lands, until it has been confirmed by the court.

3. *Sale of lands under probate decree, controlled by petition.*—A sale of lands under a probate decree, for equitable division among a decedent's heirs, is valid only as to the lands described in the administrator's petition, on which the order of sale is founded, and the interest therein described in said petition.

4. *Title of purchaser at administrator's sale under probate decree; estoppel; notice.*—A purchaser of lands at a sale under a probate decree, for equitable division among a decedent's heirs, is chargeable with notice of any defect of title or incumbrance disclosed by the proceedings, or by the petition on which they are founded; and the petition showing that dower has been allotted to the widow in a portion of the lands, he is estopped from denying the validity or regularity of the allotment.

5. *Estoppel against widow claiming dower.*—If the widow consents that her dower interest in lands, though not included in the order of sale, may be sold by the administrator, and accepts her part of the purchase-money, she is estopped, in equity, from asserting her legal title against the purchaser; but the estoppel is not available at law.

6. *Statute of limitations in favor of purchaser of lands at administrator's sale.*—A purchaser of lands at an administrator's sale does not acquire any title. until the sale is confirmed by the court, and the statute of limitations begins to run in his favor only from that day.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Mrs. Mary Austin, formerly the widow of Martin Ashburn, deceased, and Robert T. Ashburn and others, children and heirs at law of said decedent, against Greene Willis; and sought to recover the possession of a tract of land containing about 200 acres, which was particularly described in the declaration, and which belonged to said Martin Ashburn at the time of his death, some time during the year 1863. The notice and declaration were filed in the

clerk's office on the 18th September, 1884, and the defendant was served with notice on the 25th September. The defendant pleaded not guilty, and the statute of limitations of ten years, and issue was joined on these pleas.

On the trial it appeared, as the bill of exceptions shows, that the defendant claimed the lands under a purchase by his deceased father, W. F. Willis, at a sale made by the administrator of the estate of said Martin Ashburn, deceased, under a probate decree; that Mrs. Austin, the widow, claimed a life-estate in the lands, on the ground that they had been allotted to her, prior to the administrator's sale, as her dower in the estate of her deceased husband; and that the heirs claimed the fee, on the termination of her life-estate, on the ground that the lands were in fact not included in the order of sale. The administrator's petition, asking an order to sell the lands for equitable division among the heirs, was filed on the 12th April, 1869, and the order of sale was granted on the 7th June, 1869, directing the sale to be made on the 5th July, 1869; but the decree confirming the report of the sale, as copied in the transcript, is dated August 1st, 1870, and recites that the order of sale was granted on July 7th, 1870. Charles Oagle became the purchaser at the sale, of the lands now sued for, but failed to comply with the terms of sale; and a re-sale being ordered on the 10th July, 1874, and made on the 20th September, 1874, said Wm. F. Willis became the purchaser. This sale was reported to the court, and was confirmed on the 22d September, 1874; and a conveyance was executed to him, under an order of the court, on the 28th September, 1877. The court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiffs excepted to this charge, and they here assign it as error, with several rulings on evidence.

JNO. H. DISQUE, for appellants.—(1.) In the petition for the sale of lands, the words are used, "less or except the widow's dower, described as follows," while the order of sale is for the lands described, "less the widow's dower." If there is a variance, or error which does not correct itself, the description in the petition must control; but it is insisted that the two expressions are synonymous.—*King v. Martin*, 67 Ala. 181; *Snodgrass v. Br. Bank*, 25 Ala. 175; *Smith v. Kennedy*, 63 Ala. 334. (2.) Whatever is excluded from the grant by exception, remains in the grantor as of his former title or estate.—*Stockbridge Iron Co. v. Hudson Iron Co.*, 107 Mass. 321; *Sprague v. Snow*, 4 Pick. 54; *Cutler v. Tufts*, 3 Pick. 272; *Crosby v. Montgomery*, 38 Vt. 238;

[Austin v. Willis.]

*Clark v. Cottrell,* 42 N. Y. 527; *St. Albans v. Ellis,* 16 East, 352; *Fowle v. Bigelow,* 10 Mass. 379; *Allen v. Scott,* 21 Pick. 25; 6 M. & W. 174; Shep. Touchstone, 77; Co. Litt. 47 *a;* 6 Peters, 302; 3 Washb. R. P. 432–40. (3.) The title to land is never in abeyance, but remains in one person until legally transferred to another; and when lands are sold by an administrator, under an order of court, the title remains in the heirs, until a conveyance is executed to the purchaser by order of the court.—3 Brick. Digest, 470, §§ 239–40. (4.) Dower can not be released by parol, but must be relinquished in the manner pointed out by the statute.—Code, § 1894.

R. A. D. DUNLAP, and WALDEN & SON, *contra.*—The petition of the administrator, construed in connection with the surrounding circumstances, if not on its face, shows that only the widow's life-estate, or dower interest in the lands, was excepted. Hence, there can be no recovery on the demise of the heirs. And there can be no recovery on the demise of the widow, because the allotment of dower to her was never confirmed by the court.—Code, § 1907; *Reeves v. Brooks,* 80 Ala. 26.

STONE, C. J.—The administrator of Martin Ashburn, deceased, filed a petition in the Probate Court for an order to sell the lands of intestate, for distribution among his children. The land was described by government numbers, and constituted a tract of near six hundred acres; and the ground stated for the application was, that the land "could not be fairly, equitably and beneficially divided among the heirs of said estate, without a sale thereof." No irregularity has been pointed out, and none has been perceived in the proceedings which led to the sale.

Before the petition was filed for an order of sale, the widow had petitioned the Probate Court for an allotment to her of dower in said lands by metes and bounds. Under this petition proceedings were had, which resulted in the allotment to her of about two hundred acres of the land as dower. These proceedings appear to have conformed to the statute, with the single exception, that it does not appear that the report of allotment was ever confirmed by the court.—Code of 1886, § 1907; *Adams v. Barron,* 13 Ala. 205.

At the sale under the order of the Probate Court, one Willis became the purchaser of a part of the lands; and he having died, the present suit is against his heirs at law, for the recovery of that part of the lands which had been selected as the widow's dower. The suit is a common-law ejectment, and

[Austin v. Willis.]

ᴠcounts on two demises; one by the widow, now Mrs. Austin, and the other by Ashburn's heirs at law. The court gave the general charge in favor of the defendant, and he had verdict and judgment.

The question of most importance—the one most argued—is, whether the petition and order of sale embraced the lands sued for. The description given in the petition is: "the following lands, to-wit, situated in said county :" here follows a description of the entire tract, by government-survey numbers, "containing in all five hundred and ninety-six acres, more or less, less or except the widow's dower, described as follows, to-wit:" here follows a description of the lands as given in the dower allotment, and which are part of the tract previously described. These are the lands sued for in this case. The question is, whether the exception or reservation is of the fee, or only of the dower, or life-estate.

*Less* (*minus*) means, literally, taking from—taking a smaller number, quantity or interest from a larger; the process of subtracting or withdrawing. *Except* means not including. An hundred *less* one, is the equivalent, or synonym of ninety and nine. A conveyance by numbers, or by metes and bounds, of a tract or lot of land, with an express reservation of some interest in the grantor, is as effectual to protect the title of the grantor to the part or interest reserved or excepted, as it is to convey title to the part not excepted.—3 Washb. Real Property (5th Ed.). 433–4; 7 Amer. & Eng. Encyc. of Law, 113, note 2; *Duke St. Albans v. Ellis*, 16 East, 352; *Dand v. Kingscote*, 6 Mees. & Wels. 174; *Fowle v. Bigelow*, 10 Mass. 379; *Sprague v. Snow*, 4 Pick. 54; *Allen v. Scott*, 21 Pick. 25; s. c., 32 Amer. Dec. 238; *Stockbridge Iron Co. v. Hudson Iron Co.*, 107 Mass. 290, 321; *Clark v. Cottrell*, 42 N. Y. (Hand), 527.

We hold, however, that the reservation, or exception, was not of the fee, but of the dower, or life-estate. If we hold it was a reservation of the fee, we convict the pleader and the court of the absurdity of asking and granting an order to sell a larger body of land described by numbers, less a small body of the same land, described also by numbers. Why insert the dower land in one paragraph, asking their sale, and withdraw them in the next, not asking their sale? Why name them at all, if no action was invoked in regard to them? As well ask for an order to sell Black acre and White acre, *less* White acre.

Placing the other construction on the language, it becomes reasonable and sensible. The petition asked for the sale of the entire tract, describing it, except the dower interest, life-

estate in a specified part of it. We adopt the latter interpretation, and hold that only the life-estate, or dower interest, was reserved from sale.—*Crosby v. Montgomery*, 38 Ver. 238. As to this life-estate, there was no petition for its sale, and the Probate Court had no jurisdiction to order its sale. Even if the court had ordered the sale (we think no such order was made to the dower interest), neither the sale nor conveyance would have vested any title in the purchaser. No administrator's sale of land under an order of court can vest title to land, or to an interest in land, which is not included in the averments and prayer of the petition.

It would seem that Mrs. Austin's dower claim, tested by the Probate Court proceedings alone, is not made good. The statute requires that the commissioners' report of allotment shall be made to the court, and be by the court confirmed, before the right vests in the dower.—Code of 1886, § 1907; *Adams v. Barron*, 13 Ala. 205; *Barber v. Williams*, 74 Ala. 331; *Reeves v. Brooks*, 80 Ala. 26.

There is another principle, however, on which we hold the demise in favor of Mrs. Austin can be maintained. Willis' claim, traced to its source, rests on the administrator's petition for the order of sale, and on the after proceedings, so far, and only so far as they followed that petition. The petition and those proceedings constitute his chain of title from Ashburn down. Whatever fact or infirmity that chain of title discloses, is traced to the knowledge of Willis, and taints or incumbers his title, as matter of law.—*Johnson v. Thweatt*, 18 Ala. 741; *Dudley v. Witter*, 46 Ala. 664. The petition and the order of sale except from their operation the widow's dower, describing the lands allotted for the purpose. There was, therefore, no authority asked for, or granted, for the sale of the dower interest. If it was sold or conveyed, it was done without authority of law, and conveyed no title. So far as the Probate Court proceedings were concerned, the sale was as inoperative to convey the dower interest, as if the lands on which it rested had never been mentioned. But the principle goes further. Buying the lands under a petition and order which sought and directed the sale subject to the widow's dower in the lands named, Willis, the purchaser, estopped himself to deny a proper allotment of the dower.—Washb. Real Property, and other authorities, *supra*.

If Mrs. Austin received her share of the purchase-money, or any part of it, knowing the source from which it came, this would estop her from afterwards claiming the land; but such estoppel can not be set up at law. It requires a bill in chancery.—3 Brick. Dig. 448, § 26; *Hall v. Caperton*, 87 Ala. 285.

[Baker v. Young.]

Willis was tenant of the lands for the year 1874, and was in possession of them. They were sold by the administrator, and bid off by him, Willis, in September, 1874. The sale was not confirmed until September 22, 1874. The present suit was instituted September 18, 1884, less than ten years after the confirmation of the sale. Being a judicial sale, it dates not from the bidding, but from the confirmation. Till then there was no sale.—*Hutton v. Williams*, 35 Ala. 503; *Bland v. Bowie*, 53 Ala. 157, 159; *Fore v. McKenzie*, 58 Ala. 115; *McCully v. Chapman*, *Ib.* 325; *Lowe v. Guice*, 69 Ala. 80. We feel at least safe in deciding that Willis can not be regarded as holding the lands in independent right, or adversely, until the sale was completed by its confirmation. This suit was not barred by ten years adverse holding.

Testimony that Mrs. Austin consented for her dower interest to be sold, was improperly admitted in this action at law. Being present, and allowing one's land to be sold, without objecting, or encouraging another to purchase, sometimes operates an estoppel in equity. It is not available at law, in a land suit.—3 Brick. Dig. 448, §§ 30, 31, 33; 1 Brick. Dig. 736, § 7.

The heirs of Martin Ashburn show no right to recover.

Reversed and remanded.