Deitzler v. Wilhite.

ANNA M. DEITZLER v. J. M. WILHITE.

1. OCCUPYING-CLAIMANT ACT, *Valid.* The constitutionality of the occupying-claimant act, recognized and affirmed.

2. IMPROVEMENTS—*Rent*—*Rights of Owner.* The defendant took possession under a void tax deed of a vacant lot and erected a valuable house thereon. The lot without improvements had but a trifling rental value; with improvements it was worth $12 per month. *Held,* That the plaintiff has no right either under the occupying-claimant act or the principles of equity to rent for the improvements erected by the defendant accruing prior to the service of summons in the action.

*Error from Lyon District Court.*

THE plaintiff in error, as plaintiff below, brought suit to recover a lot in Emporia, and also damages for the use and occupancy thereof. The record recites that "a jury being waived, the court then heard the evidence on the question of title, reserving the issues made by plaintiff's second cause of action," and after consideration the court rendered judgment in favor of the plaintiff for the recovery of the lot. The defendant then asked the court to determine his tax lien, his title being based on a tax deed which the court held void, and further moved the court for an assessment under the occupying-claimant act of the value of the improvements made by him. A sheriff's jury having been waived, and all questions having been submitted to the court, findings of fact and conclusions of law were made as follows:

"1. The defendant, while an occupant of the land in controversy, erected lasting and valuable improvements thereon prior to the commencement of this suit, which are of the value of $1,565.

"2. The net rents and profits of said land since the commencement of this suit, with the improvements

thereon, up to June 13, 1889, the day of trial, is $103.33.

"3. The value of said land without any improvements is $250.

"4. The defendant and his grantors have paid taxes on said land which with the interest, penalties, and costs, as allowed by law, amount to the sum of $150.63 on said June 13, 1889.

"5. Previous to April 1, 1885, said land had been wholly vacant and unimproved. On that day the defendant took actual possession thereof, and erected a residence thereon which was completed on August 1, 1885, since which date he has occupied the same as a homestead. On August 6, 1888, this suit was commenced, and on the same day a summons was served therein on said defendant.

"6. The fair rental value of said lot from April 1, 1885, to August 1, 1885, was $1. The fair rental value thereof wtihout improvements from August 1, 1885, to August 6, 1888, was $12 each month. The fair rental value thereof with improvements after August 6, 1888, the date of service of summons in this case, is $10 per month up to June 13, 1889, the date of trial."

CONCLUSIONS OF LAW.

"1. The defendant is entitled to a credit of $1,565, the value of his improvements, and for the further sum of $150.63, the amount of his tax lien, which aggregates the sum of $1,715.63.

"2. The plaintiff is entitled to a credit for rents and profits enjoyed by the defendant after service of summons in this suit, which amounts to $103.33, up to June 13, 1889, the day of trial. The plaintiff is entitled to the possession of said land upon payment of the sum of $1,612.30, the difference between the credits above named."

"4. If the plaintiff prefers to sell the land to the defendant she may do so at the sum of $250."

Thereupon judgment was rendered in accordance with the court's conclusions of law. The plaintiff brings the case to this court.

*Almerin Gillett*, for plaintiff in error.

*T. N. Sedgwick*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : Two questions only are urged on our consideration : First. Is the plaintiff entitled to have $12 per month, the value of the use and occupation of the lot with the improvements for the full time the property was occupied by the defendant, set off against the value of the improvements awarded the defendant? Second. Is the amount allowed the defendant for his tax lien excessive?

It is argued that the occupying claimant's law was not correctly construed by the trial court, and that if such a construction as was given it is proper, then that it is unconstitutional. It is urged that the allowance to an unsuccessful occupying claimant of lands of the value of his improvements is equitable in its nature, although provided for by statute ; that it is and must be governed by equitable principles ; that courts of equity before the enactment of any statute lent their aid to mitigate the hardships of the common-law rule, which gave to the owner of the land all improvements without any compensation to the party placing them there ; that courts of equity interfered only so far as to set off the value of the improvements against the plaintiff's claim for mesne profits, but never rendered a judgment for the excess if the value of the improvements exceeded the mesne profits. Our attention is called to the bill of rights, and especially to §§ 2 and 18. We find no conflict between the occupying claimant's law and the bill of rights. The validity of such enactments has been so often and universally upheld by

the courts everywhere that we do not deem cita-
tions of authorities on the point necessary. We think
the provisions of the occupying claimant's law in ac-
cordance with sound equitable principles, and that no
reason can be found in ethics why the occupying
claimant should not have the full value of his im-
provements, as well when the value exceeds the mesne
profits as when it does not. The substance of the
plaintiff's claim is not merely that she is entitled to
the value of the use and occupation of her property,
the bare lot, which the court finds was $1 per year,
and concerning which the plaintiff makes no com-
plaint, but she claims the rental value of the house
constructed by the defendant, which in equity and
good conscience never was her property at all. The
equity, the ethics, of such a claim finds no favor with
us. On the contrary, we think the claim grossly in-
equitable. The defendant's money paid for the im-
provements. No allowance could be made for interest
on his investment, but he has had the use of it. We
know of no sound reason why one should be charged
for using his own property, no matter what the form
of the action may be. If complaint were made that
no allowance was made for the use and occupation of
the plaintiff's lot, exclusive of improvements, the
claim would address itself to a court of equity with
great force, but no such claim is made. The amount
indeed is too trifling to litigate. Although it is
claimed that no trial was had on the plaintiff's sec-
ond cause of action, which was for rents and profits
prior to the commencement of the action, we think
the record contains enough to show that the whole
matter was tried and determined by the court; but
we find no error in the conclusions reached.

As to the plaintiff's second claim, it is urged that

taxes on the improvements placed on the lot by the
defendant were allowed, and that it is certainly un-
just that the plaintiff's property should be subjected
to an additional burden resulting solely from the act
of the defendant, and especially so when the plaintiff
is given no benefit whatever by an allowance for rent
of such improvements.    We are not prepared to say
that the reasoning of counsel on this proposition is
erroneous.    In the case of *Uhl v. Small*, 54 Kas. 651,
same case, 39 Pac. Rep. 178, we held that equitable
considerations should not be overlooked nor ignored
in determining the amount of a tax lien in favor of
the holder of an invalid tax title.    But counsel con-
cedes that the record does not clearly present the ques-
tion.    In fact, it does not present it at all.    There is
nothing whatever giving us any light on the question
when or on what the taxes were levied.    The plaintiff
was allowed for the value of the use and occupation
of the lot and improvements after suit brought in ac-
cordance with the statute.    There is nothing tending
to show error in the court's computation of the taxes.

The judgment is affirmed.

All the Justices concurring.