Hentig v. Collins.

---

F. G. HENTIG *et al.* v. M. D. COLLINS, *as Assignee of J. W. Redden.*

1. EJECTMENT — *Occupying-Claimant Law — Measure of Liability.*  The defendant in an action of ejectment who is defeated in his claim of title to real estate, and who is entitled to the benefit of the occupying-claimant law for his lasting and valuable improvements, is liable, under that law, for only the value of the rents and profits which he may have received from the land without his improvements.

2. SUPERSEDEAS BOND — *Liability of Sureties.*    When a supersedeas bond is executed by sureties on behalf of the defendant in such an action, conditioned for the payment by him of the value of the use and occupation of the real estate, pending an appeal to the supreme court on a question of taxes, the sureties are liable on the bond only for the value of the use and occupation of the land without the improvements of their principal, when, during the time of such use and occupation, there had been no assessment or payment of the value of the improvements, and proceedings under the occupying-claimant law had not been delayed or prevented by the defendant or his sureties.

3. VALID BOND — *Sureties Bound.*    A supersedeas bond signed by the sureties alone, the principal not joining therein, is valid and binding as to the sureties.

MEMORANDUM. — Error from Shawnee circuit court ; J. B. JOHNSON, judge.    Action upon a certain supersedeas bond brought by J. W. Redden against F. G. Hentig and W. W. Manspeaker.    Judgment for plain-

tiff.   The defendants bring the case to this court.
Modified.    The facts are sufficiently stated in the
opinion, filed September 18, 1895.

*F. G. Hentig*, for plaintiffs in error.
*Redden & Schumacher*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: In an action of ejectment brought in
the district court of Shawnee county, Kansas, by
J. W. Redden against Mrs. A. J. Hentig, for the re-
cevery of the possession of certain lots in the city of
Topeka, the defendant was defeated in her claim of
title founded on a tax deed, and judgment for posses-
sion rendered in favor of Redden, February 18, 1885.
The court also found that Mrs. Hentig was entitled
to a repayment of taxes, and to the benefit of the oc-
cupying-claimant law for her improvements, before
the judgment for possession should be enforced.   Dif-
ferent trials were subsequently had on the question of
taxes and of the rights of the parties under the occu-
pying-claimant act.   In 1888, there was a second trial
to determine the amount of taxes to be repaid by the
defendant, further proceedings under the occupying-
claimant law being, apparently, for the time, aban-
doned.   Judgment on the question of taxes was
rendered September 18, 1888, from which Hentig
again appealed to the supreme court.   Pending this
appeal, a *supersedeas* bond was executed by F. G.
Hentig and W. W. Manspeaker, as sureties for Mrs.
Hentig, she not joining in the bond, conditioned:
"If the judgment be affirmed, she will pay the value
of the use and occupation of the said lots from the
date of this undertaking until the delivery of the pos-
session pursuant to the judgment, and all costs."

The bond was executed October 4, 1888 ; the judgment appealed from was affirmed (45 Kas. 20) December 9, 1890, and the possession of the premises delivered to Redden by the sheriff, under legal process, December 10, 1890. On June 22, 1891, Redden made a request in that case for a sheriff's jury under the occupying-claimant law ; the jury was drawn, and the respective values of the lots, the improvements, and the rents and profits were assessed, and judgment rendered accordingly. From that judgment an appeal was again taken by Mrs. Hentig, and for the fourth time the case appeared in the supreme court, this time upon a question concerning the valuation of rents and profits, and has just been decided by this court, to which it had been transferred. ( See *Hentig v. Redden,* just decided.)

This is an action upon the *supersedeas* bond above mentioned, and presents the question : Are the sureties liable on this bond for the value of the use and occupation of the lots and improvements, or only for that of the lots exclusive of the improvements? The trial court found the value of the use and occupation of the lots, for the time covered by the bond, to be $10.95 without the improvements, and $393 with the improvements made by Mrs. Hentig, and rendered judgment for the latter sum. In this we think the court erred. It is a general rule that the extent of the liability of the surety is measured and limited by that of the principal. The sureties of Mrs. Hentig cannot be held liable for something that she is not answerable for. We held, in the case of *Hentig v. Redden,* that Mrs. Hentig was not chargeable, under the occupying-claimant law, with the increased rental value given to the lots by her improvements. Much that is said and the authorities cited in that case are applicable in this

case, and will not be repeated. During all the time covered by the bond, she was, under the statute, in rightful occupancy of the premises, protected therein until paid the value of her lasting and valuable improvements, or, at least, until such value had been assessed. (Gen. Stat. of 1889, ¶ 4704; *Sarbach v. Newell*, 28 Kas. 642.) The improvements were still hers, and, at the option of Redden, might never be owned by him. She was only answerable for the use and occupation of that which was Redden's property. The disconnected method of trial adopted in the principal case is largely responsible for the prolonged litigation. For this, however, one party seems as much at fault as the other. The delay of the proceedings under the occupying-claimant law was not caused by any act of the defendant, nor by these sureties ; nor was the right to the occupancy of the premises changed or enlarged by the execution of the bond.

We therefore hold that the same measure of liability for the use of the premises must be applied to the sureties on this bond as is applied to the principal, independently of the bond, for the same period of time ; that is, that the value of the use and occupation of the lots should be estimated exclusive of the improvements.

It is claimed that this bond is not a legal obligation of the sureties because not signed by the principal. Such claim is without merit ; the mere fact that the undertaking was not signed by the principal cannot affect its validity as to the sureties who execute it on her behalf. She was not a necessary party to it. (*The State, ex rel., v. Eggleston*, 34 Kas. 714.)

The record brought to this court does not purport to be a full statement of all that may have taken place bearing upon the ruling of the court giving personal

judgment against Mrs. Hentig; and, in the absence of a full record, every presumption is in favor of the correctness of the decision of the trial court.

No objection is made by the defendant in error to the findings of fact. This court can, therefore, direct such judgment to be entered as should have been rendered by the lower court on the facts found.

The judgment of the circuit court of Shawnee county will be modified in accordance with this opinion, and the district court of said county, to which the case has been transferred, directed to enter judgment on the findings of fact in favor of defendant in error, and against A. J. Hentig, as principal, and F. G. Hentig and W. W. Manspeaker, as sureties, for the sum of $10.95 and interest thereon at 6 per cent. per annum from December 10, 1890.

All the Judges concurring.