# Donehoo *v.* Johnson.

### *Statutory Action of Ejectment.*

1. *Latent ambiguity in description of land; when not shown to exist, and when parol evidence not admissible.*—In a description of land, where the boundary line is described as running from the "north-east corner of the south-east quarter of section 21, due west, and the north-west corner of the south-east quarter of section 21, to a stake, from thence south," &c., there is no latent ambiguity, and parol evidence is inadmissible to show that there was, in fact, no stake at the point designated, but there was a stake at the north-west corner of the east half of the south-east quarter of section 21; and when, in an action of ejectment, the defendant claims as purchaser at a chancery sale, and it is shown that in the bill and the decree of the court ordering the sale, the land was described as stated above, which description did not include the tract now sued for, the pleadings and the decree in such chancery suit are inadmissible in evidence, and parol evidence to

[Donehoo v. Johnson.]

show that there was a mistake in the description in the bill and decree, and that the lands sued for were included therein, is also inadmissible.

2. *Ejectment; suggestion of adverse possession; an apple orchard permanent improvement.*—The planting of an apple orchard, constitutes "permanent improvements" upon land, within the meaning of the statute, (Code of 1886, §§ 2702, 2703), which, in an action of ejectment, on the suggestion of adverse possession for three years, entitles the defendant, who planted the orchard, to credit for the value thereof; the evidence disclosing that the value of the land itself was enhanced by the orchard.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. GEORGE E. BREWER.

This was a statutory action of ejectment, brought by the appellee against the appellant, to recover certain lands specifically described in the complaint.

The defendant pleaded not guilty, and special pleas suggesting that he had been in the adverse possession of the land sued for for more than three years before the suit was commenced, and had placed thereon valuable improvements, and also the statute of limitations of ten years.

The facts of the case showing the claim of title by the plaintiff and the defendant, respectively, and the ruling of the court upon the evidence, reviewed on the present appeal, are sufficiently stated in the opinion.

During the trial of the cause, the defendant offered testimony tending to show that since he had been in possession of the land sued for, he had placed valuable improvements thereon, consisting of a dwelling-house, barn, stable and the digging of a well; and that he had also planted on said land 600 apple trees, which were of the value of one hundred dollars. To the testimony as to the planting and value of the apple trees the plaintiff objected and moved to exclude the same. This motion was granted, the testimony excluded, and to this ruling of the court the defendant duly excepted. After this, the court, *ex mero motu*, instructed the jury that the apple trees or orchard formed no part of the valuable or permanent improvements on the land. To the giving of this charge the defendant duly excepted.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave the general affirmative charge in her behalf. To the giving of this charge the defendant duly excepted.

[Donehoo v. Johnson.]

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exemptions were reserved.

INZER & WARD and W. F. DICKINSON, for appellant. 1. There was latent ambiguity in the description of the lands in the chancery proceedings, and the parol evidence should have been admitted to explain such ambiguity.—3 Brick. Dig. 413, § 105; *Chambers v. Ringstaff*, 69 Ala. 140; *Hawkins v. Hudson*, 45 Ala. 482; *Driggers v. Cassady*, 71 Ala. 529; *Clements v. Pearce*, 63 Ala. 293; *Salstonstall v. Riley*, 28 Ala. 164.

2. The court should, if possible, ascertain the intention of the grantor, and give it effect. In incongruities in descriptions between courses and distances and monuments or natural objects, such as mountains, marked trees, &c., the latter will control, because less liable to mistake.—*Clements v. Pearce*, 65 Ala. 292; *McIver v. Walker*, Crouch 177; *Salstonstall v. Riley*, 28 Ala. 164; *Patch v. White*, 117 U. S. 210.

3. The defendant should have been allowed to prove that he had planted an apple orchard upon the land sued for, such orchard being a permanent improvement, and the defendant having been in adverse possession. 3 Brick. Dig., 328, §§ 85, 86; *N. O. & S. R. R. Co. v. Jones*, 88 Ala. 48; *Humes v. Bernstein*, 72 Ala. 546; *Pickett v. Pope*, 74 Ala. 122.

ROBINETT & ALLGOOD and EMERY C. HALL, *contra*. 1. Ambiguity means duplicity and uncertainty, apparent upon the face of the instrument. A latent ambiguity is the same except the duplicity or uncertainty does not appear upon the face of the instrument. This definition of latent ambiguity shows that the documents excluded from the jury in this case were not ambiguous, and the only purpose they could have served was to impart into the various papers, by parol testimony, duplicity and uncertainty in order that it might be explained away. In other words, to put other terms, other language, other meaning and other boundaries of the land in the instruments. This could not be done.—3 Washb. on Real Property, pp. 429, 430, *et seq.*; *Guilmar-*

*tin v. Wood,* 76 Ala. 204; *Hughes v. Wilkinson,* 35 Ala. 453; *Vann v. Lunsford,* 91 Ala. 576; *Chambers v. Ringstaff,* 69 Ala. 143; *Owen v. Bankhead,* 82 Ala. 399; *Carter v. Beck,* 40 Ala. 599; 7 Amer. & Eng. Encyc. of Law, 91, sub-div. 6. Whenever the description of land is sufficient to enable a surveyor on search and inquiry of facts to ascertain and locate the land, this is a full answer to the charge of ambiguity.—2 Devlin on Deeds, § 1012, note 3; *Pennington v. Flock,* 93 Ind. 378; *Smiley v. Fries,* 104 Ill. 416; *Black v. Pratt C. & C. Co.,* 85 Ala. 505; *Miller v. Travers,* 8 Bing. 244; 1 Greenl. Ev., § 301.

2. A court will not extend the provisions of a register's deed, so that it will include land not described in the bill of complaint, or in the decree of the court.—*Bromberg v. Yukers,* 108 Ala. 597; *Austin v. Willis,* 90 Ala. 421. In judicial sales of real estate there can be no intention of the parties, and only the lands described in the proceedings and in sale pass by such a sale.—*Owen v. Bankhead,* 82 Ala. 399.

COLEMAN, J.—The appellee sued appellant in the statutory action of ejectment to recover a certain eighty acre parcel of land. Both parties claimed title through John Reid, deceased; the plaintiff as his only heir, and the defendant as a purchaser at chancery sale. After the plaintiff had introduced evidence to show that her ancestor had acquired title and possession of the land as a part of a tract of six hundred acres, and had died, and that she was his only heir, the defendant offered to introduce in evidence the pleadings and decree in a chancery court suit instituted by a creditor of John Reid, the purpose of which was to set aside and annul a deed of conveyance of lands made by John Reid for the benefit of his daughter, the plaintiff, and to condemn the lands to be sold for the satisfaction of his debt. The administrator and plaintiff were parties respondent to that proceeding. The decree of the court ascertained that the conveyance was fraudulent and void, and the lands were condemned to be sold. An objection was sustained to this evidence, and this is the main ground of error assigned. The ground of objection was, that the description of the land contained in the bill and the decree of the court, and in the advertisement of the land, although proper as to all the remainder of the

9

[Donehoo v. Johnson.]

tract of land, omitted and did not include the eighty acres now in controversy. The appellant contends that there is a latent ambiguity in the description of the land and that parol evidence is admissible to show this fact and the description intended. The eighty acres in controversy consist of the west half of the southeast quarter of section twenty-one. In the chancery court proceedings, the boundary line relative to this section is described as running from the northeast corner of the southeast quarter of section twenty-one, due west to the northwest corner of the southeast quarter of section twenty-one to a stake, from thence south a half mile and thence west, which description leaves out entirely the land sued for. It was proposed to show by parol that there was in fact no stake at this point, but that there was a stake at the northwest corner of the east half of the southeast quarter of section twenty-one, and by stopping at this place and from thence running south a half mile and thence west, such a description included the eighty acres.

The facts as contended for do not present a case of latent ambiguity in any respect. There can be no question of a latent ambiguity arising from the description of the land in the bill and decree and the facts proposed to be proven. To allow such evidence would be to vary and contradict the writings by parol, and not to explain. The chancery proceedings seem to have followed the description contained in the fraudulent deed of conveyance, and which did not include the lands in controversy. The title and rights of the purchaser were fully considered and settled in the case of *Bromberg v. Yukers*, 108 Ala. 577, and *Austin v. Willis*, 90 Ala. 421. The court committed no error in excluding this testimony.

We are of opinion that the court erred in ruling that the planting of an apple orchard did not constitute "permanent improvements" within the meaning of the statute, (sections 2702, 2703 of the Code of 1886). The evidence disclosed that the value of the land itself was enhanced by the orchard; and that such improvements are permanent, we do not think can admit of controversy.—10 Am. & Eng. Encyc. of Law, 243 and notes.

For the error in not allowing the defendant this credit the judgment must be reversed.

Reversed and remanded.