CHARLES E. GIBSON V: JOHN R. FIELDS.

No. 15,532.    (98 Pac. 1112.)

SYLLABUS BY THE COURT.

1. PERMANENT IMPROVEMENTS—*Cultivation of Land.* While it
is recognized as the general rule that the plowing and culti-
vating of land theretofore under cultivation does not consti-
tute a permanent improvement, the breaking and reducing of
wild lands to cultivation does constitute such improvement.

2. EJECTMENT — *Rent — Improvements—Counter-claims.* Upon
the adjudication of the counter-claims, where one in posses-
sion of land under a tax deed has been defeated by the holder
of the legal title and claims compensation for permanent im-
provements and taxes paid, reasonable rent of the premises
without the improvements should be offset, but not rent as in-
creased by the improvements.

3. —— *Rent.* In such a case the rent is to be determined from
the cash price usually paid for the use of like premises during
the same time and in the same locality.

Error from Rawlins district court; ABEL C. T.
GEIGER, judge.   Opinion filed December 12, 1908. Af-
firmed.

*S. N. Hawkes,* for plaintiff in error.

*Dempster Scott,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This is an action in ejectment, brought in
the district court of Rawlins county to recover the pos-
session of 160 acres of land in that county, and for the
rents and profits of the land.   The plaintiff proved a
chain of title from the government.   The defendant
claimed under a tax deed which was intended to con-
vey this and several other tracts of land.   It was held
void as to this land, for defective description.   Of this
no complaint is made.   The court allowed the defendant
for taxes and interest and for improvements, and off-
set what it found to be the value of the rent of the land.
The plaintiff prosecutes this proceeding in error.

The only questions presented here arise out of the adjustment of the rights of the plaintiff for rent and the claims of the defendant for taxes and improvements.

The deed in question was evidently intended to convey a large number of tracts of land, which were properly described in the recitals relating to the sale of the land, but in the granting clause the only description of the property conveyed was "the real property last hereinbefore described." The court properly held that this description was too indefinite to constitute a good conveyance of the land in question, as it was not the last tract before described in the deed.

The plaintiff, however, contends that because the deed was not a sufficient deed it was no deed at all of the land in question, and consequently defendant's lien for taxes expired in four years after the date of the sale, under the provisions of section 7714 of the General Statutes of 1901, and, further, as this real estate was not deeded for delinquent taxes, the provisions of section 7717 of the General Statutes of 1901 do not apply. This is untenable. The argument is that if a tax deed is not a good and sufficient deed it is no deed at all. On the other hand, if it were a good and sufficient deed, the plaintiff's title would be completely defeated. Section 7717 is a saving clause for just this kind of a case.

The plaintiff contends that the plowing and cultivation of land for crops is not an improvement within the meaning of the statute. This is undoubtedly true as to land already under cultivation; but it is evidently not true, and in *Barton v. Land Company,* 27 Kan. 634, was expressly decided not to be true, as to the breaking of uncultivated prairie.

The plaintiff contends further that if he has to pay for the breaking of the land he should receive rent thereon from the time it was broken at the rate for which cultivated land was renting in the locality, and that the holding of the court that he was only entitled to rent for the land in an entirely uncultivated condition

was erroneous. The breaking was done several years before the bringing of the action, and was done at the expense or by the labor of the defendant; and as the defendant was not and could not be allowed any interest on his investment therein it is inequitable that he should pay additional rent for improvements so made by himself. (*Deitzler v. Wilhite,* 55 Kan. 200, 40 Pac. 272; *Hentig v. Redden,* 1 Kan. App. 163, 41 Pac. 1054; *Hentig v. Collins,* 1 Kan. App. 173, 41 Pac. 1057.)

The plaintiff offered evidence tending to show that it was the custom in the locality where the land in question is situated for landowners to contract with tenants to break up the prairie and to receive in compensation therefor the use of the land broken for two years thereafter, and he contends that as the defendant had the use of the land broken much longer than two years he was more than compensated for the breaking by the use of the land broken. There was no relation of contract between the plaintiff and the defendant in regard to the breaking of the land. Nor can evidence of a local custom contrary to established principles of law be received. (*Clark v. Allaman,* 71 Kan. 206, 80 Pac. 571, 70 L. R. A. 971.)

The judgment of the court was sustained by the evidence, and is in accord with the well-established principles of law and equity, and it is therefore affirmed.