[Civ. No. 1248.    Third Appellate District.—December 14, 1914.]

## JOSEPH GROM, Appellant, v. MARY CENTER et al., Respondents.

MECHANICS' LIEN—PLANTING OF VINEYARD—CONSTRUCTION OF SECTION 1191 CODE CIVIL PROCEDURE.—The planting of a vineyard on property within the incorporated limits of a city or a town is an "improvement" of the property within the meaning of section 1191 of the Code of Civil Procedure which provides that "any person who, at the request of the reputed owner of any lot in any incorporated city or town, grades, fills in, or otherwise improves the same . . . has a lien upon said lot for said work done and materials furnished." The plain meaning of the statute is that whoever contributes to the substantial improvement of the lot, either by furnishing work or material, is entitled to the privilege of enforcing his claim as a lien; and it is not necessary that the claimant should have furnished the materials, for the statute makes no distinction between the one who furnishes the material and him who performs the labor in effectuating the improvement.

ID.—SECTION 1191 CODE CIVIL PROCEDURE—BUILDING NOT CONTEMPLATED BY.—Section 1191 of the Code of Civil Procedure does not contemplate a building, but provides for improvements to the lot or to the street or sidewalk in front of or adjoining the same.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

James A. Nowlin, and Clarence N. Riggins, for Appellant.

E. S. Bell, for Respondents.

BURNETT, J.—The action was to foreclose a lien for planting a vineyard on the property of said Mary Center situated within the incorporated limits of the town of St. Helena.

The particular allegation of the complaint important here is as follows: "That in the months of March and April, 1912, said Mary Center and one Richard W. Fealy, a defendant herein, caused a vineyard to be planted upon said land and that during the setting out of the same and at their request the plaintiff furnished and performed the labor actually used in planting said vineyard and that they and the plaintiff mutually agreed on or about the 22d of March, 1912, that the said plaintiff should plant said vineyard on said land; that he should commence said planting immediately and do said work in a satisfactory manner, and that upon completion thereof he should be paid by said defendants therefor at the rate of two cents a vine, which was and is the reasonable value of said work at said time and place." This is followed by allegations of the faithful performance of the work by plaintiff and of the amount still due and unpaid.

A demurrer to the complaint was sustained, it being the opinion of the lower court that it was not a proper case for a lien:

The statutory provision upon which appellant relies is the portion we have italized of section 1191 of the Code of Civil Procedure, as follows: "Any person who, at the request of the reputed owner of any lot in any incorporated city or town, grades, fills in, or *otherwise improves the same,* or the street or sidewalk in front of or adjoining the same, or constructs any areas or vaults or cellars, or rooms under said sidewalks, or makes any improvements in connection therewith, has a lien upon said lot for his work done and materials furnished."

While no case entirely like this has been found, appellant believes that the situation is covered by the principles announced in 22 Cyc. 5; *California Portland Cement Co.* v. *Wentworth Hotel Co.,* 16 Cal. App. 692, [108 Pac. 103, 113]; *Donehoo* v. *Johnson,* 113 Ala. 126, [21 South. 70]; *Thompson* v. *Buckner* (Ky.), 40 S. W. 915; *Gibson* v. *Fields,* 79 Kan. 38, [131 Am. St. Rep. 278, 20 L. R. A. (N. S.) 378, 17 Ann. Cas. 405, 98 Pac. 1112].

In 22 Cyc. 5, it is declared that an "improvement is more extensive than ordinary repairs and enhances, in a substantial degree, the value of the property," and "when the term 'improvements' is used, reference is generally had to those only which are permanent or beneficial."

In *California Portland Cement Co.* v. *Wentworth Hotel Co.*, 16 Cal. App. 692, [108 Pac. 113], it was held by the district court of appeal for the second district that a lien was properly allowed for the furnishing of trees, shrubs, plants, flowers, seeds, bulbs, etc., for a hotel lot in the city of Pasadena, the court saying that "the furnishing and planting of seeds, trees and shrubs and the caring for the same for such a period of time as would insure that the seeds had become well started and that the plants and trees were thoroughly settled in the ground, would seem to be an improvement to the real estate which was among those intended to be included in the provisions of section 1191 of the Code of Civil Procedure. It is probably not true that under the terms of this section a gardener or tiller of the soil could claim a lien by reason of labor expended in the general care of trees or crops, but under the contract made by Chisholm it appears that he was only to plant the seeds, trees, flowers, shrubs, etc., and to see that they were well started after being placed in the ground."

In the Alabama case, the question was as to whether an apple orchard constituted "a permanent improvement" and the court said: "The evidence discloses that the value of the land itself was enhanced by the orchard, and that such improvements are permanent we do not think can admit of controversy. 10 Am. & Eng. Ency. of Law, p. 243, and notes."

In *Thompson* v. *Buckner* (Ky.), 40 S. W. 915, the court of appeals of Kentucky held that a good stand of clover and orchard grass must be regarded as an improvement since it materially enhanced the salable value of the land.

In the Kansas case, it was declared that "while it is recognized as the general rule that the plowing and cultivation of land theretofore under cultivation does not constitute a 'permanent improvement,' the breaking and reducing of wild lands to cultivation does constitute such improvement." In the note to said case, as reported in 20 L. R. A. (N. S.) 378, are collated many decisions as to what comes within the purview of "improvements," to which reference may be had for further instances.

We can see no ground for holding that the planting of a vineyard is any less an improvement to the land than "the planting of lawns and shrubbery" or "of an apple orchard" or "of clover and meadow grass" or "the breaking and reducing of wild lands to cultivation." The planting of a vine-

yard is generally supposed to be not only an important and valuable improvement to the land but one of a. lasting and somewhat permanent nature. It is assuredly supposed to enhance the value of the land and the vines become a vital part of the realty. It is true that appellant did not furnish the vines, but the statute makes no distinction between the one who furnishes the material and him who performs the labor in effectuating the improvement. The lien is granted for the "work done and materials furnished." If the plaintiff had furnished the vines as well as planted them it seems that no question could be raised that he had improved the land and would clearly be entitled to the lien. Since, however, the work of improving the land as well as the contribution of material *for such purpose* is made by the statute a basis for the claim of lien, the present case could be no different in principle from the contingency suggested. In other words, the plain meaning of the statute is that whoever contributes to the subtsantial improvement of the lot, either by furnishing work or material, is entitled to the privilege of so enforcing his claim.

Respondents claim "that the meaning and the purpose for which the said statute was enacted was to create a lien for all work performed by a contractor or a person in grading a street, or placing a sidewalk in front of one's property or for filling a lot within the incorporated limits of a city, and not for work performed by one in the cultivation or tilling of another's land." But this view ignores the significance of the expression "or otherwise improves the same" and loses sight of the said decision of the appellate court and cases from the supreme court there cited. It may be said, also, that the planting of a vineyard stands on an entirely different footing from the ordinary cultivation of the soil. It may be doubted whether for the latter said section affords a lien, since that is probably not such improvement as the statute exacts.

It may be suggested that what we understand to be the plain and natural construction of said statute does not seem to involve any injustice and it is in harmony with the manifest policy of the law to protect those who furnish labor or material to the advantage of the owners of property. In the nature of things, there seems no stronger reason for allowing a lien to one who grades or fills in the lot than to him who effects or contributes to the improvement herein considered.

The only case cited by respondents in support of their position is *Nanz* v. *Cumberland Gap Park* Co., 103 Tenn. 306, [76 Am. St. Rep. 650, 47 L. R. A. 273, 52 S. W. 999]. In that case the court reaffirmed the well-established rule that a liberal construction should be given to what is known as the Mechanics' Lien Law, but it is declared that this applies only in favor of parties who are clearly entitled to such lien under the statute. Attention is called to the fact that the Mechanics' Lien Law is purely a creation of and regulated by the statute and, therefore, but little aid can be derived by the courts of one state from decisions in other states unless the statutes are identical, "which is probably not the case in any two states in the Union." Many of the decisions are reviewed and the court proceeds: "These holdings are largely based, if not altogether, upon the special wording and phraseology of the statutes under which they are made, and while they are instructive, they are not controlling under our statute. In the present case, the contention is that the lien rests upon a proper construction of the terms used in the statute, 'improvements made'; but we think it evident from a reading of the statute that the improvements therein referred to are such as buildings and structures. The latter part of the section uses the expression 'building contemplated in this section'; and this construction of these terms is strengthened by the use and the connection in which they are used" . . . in other sections. . . . "In the case at bar, the complainants 'improved' the property by putting on it flowers, shrubs, trees and by grading and probably graveling the grounds and walks, but they made no erections, structures, buildings, fixtures or machinery," and therefore it was held that no lien would attach for such "improvements." The particular statute therein construed provides: "There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built or repaired or fixtures or machinery furnished or erected or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work, or any part of the work, or furnishes the materials or any part of the materials or puts thereon any fixtures, machinery or material, either of wood or metal, and in favor of all persons who do any portion of the work or furnish any portion of the material *for the building* contemplated in this section."

The difference between that section and the one herein involved is quite manifest. In fact, said section 1191 of the Code of Civil Procedure, does not contemplate a building at all, but provides for improvements to the lot or to the street or sidewalk in front of or adjoining the same.

As we conceive it, the only ground upon which could be excluded the improvement herein made would be to hold that the principle of *ejusdem generis* is applicable to the provision "grades fills in, or otherwise improves the same," but this would be an arbitrary construction of the terms employed.

The judgment is therefore reversed.

Chipman, P. J., and Hart, J., concurred.