[No. 13619.   Department One.   February 6, 1917.]

## M. B. Howe, *Respondent*, v. U. H. Myers, *Appellant*.[1]

Mechanics' Liens—Right to Lien—Cultivating Land. A claim for labor in cultivating an orchard is not lienable under the mechanics' lien law, Rem. Code, § 1131, which provides for a lien in favor of any person who, at the request of the owner, clears, grades, fills in, "or otherwise improves the same," as it is not of the same general class and so is within the rule of *ejusdem generis;* especially where the work was more or less intermittent extending over a period of two years, and the lien law requires the filing of a claim within ninety days from the cessation of the labor.

Appeal from a judgment of the superior court for Okanogan county, Pendergast, J., entered February 5, 1916, upon findings in favor of the plaintiff, upon sustaining a demurrer to defendant's complaint in intervention, in an action to foreclose mortgages, tried to the court.   Affirmed.

*Peter McPherson*, for appellant.

*O. R. Hopewell, A. J. O'Connor*, and *S. E. Kenney*, for respondent.

Webster, J.—The sole question for determination in this case is whether a claim for labor performed in cultivating and caring for an orchard, which substantially improved and enhanced the value of the land on which it was growing, is lienable under the provisions of Rem. Code, § 1131. That section is as follows:

"Any person who, at the request of the owner of any real property, his agent, contractor or subcontractor, clears,

[1] Reported in 162 Pac. 1000.

grades, fills in or otherwise improves the same, or any street or road in front of, or adjoining the same, has a lien upon such real property for the labor performed, or the materials furnished for such purposes."

If the claim asserted is lienable under this statute, it must be so by virtue of the clause "or otherwise improves the same." It cannot be said that labor performed in cultivating and caring for an orchard is of the same general character or in the same general class as labor in grading, clearing, or filling in land, and therefore, under the well known rule of *ejusdem generis*, is not within the statute. *Eastern Arkansas Hedge-Fence Co. v. Tanner*, 67 Ark. 156, 53 S. W. 886.

It is well settled that liens of this character are in derogation of the common law. They depend for their existence solely on the statutes, and the courts refuse to extend their operation for the benefit of those who do not come clearly within the terms of the statute. *Tsutakawa v. Kumamoto*, 53 Wash. 231, 101 Pac. 869, 102 Pac. 766.

It is also significant that the claim is asserted under the statute relating to liens in favor of mechanics and material-men. If it had been the intention of the legislature to confer a right of lien for such claims, it probably would have done so in the statute relating to liens for agricultural or farm labor.

No cases have been cited, and we have been unable to find any, in which a lien for labor of the kind in question here has been sustained under a similar statute. Counsel for appellant cites the cases of *Grom v. Center*, 26 Cal. App. 198, 146 Pac. 186, and *Donehoo v. Johnson*, 113 Ala. 126, 21 South. 70. In the *Grom* case, the claim was for labor in *planting* a vineyard, and while the court refused to apply the rule of *ejusdem generis* and sustained the lien, it uses this language:

"It may be said, also, that the planting of a vineyard stands on an entirely different footing from the ordinary cultivation of the soil. It may be doubted whether for the

latter said section affords a lien, since that is probably not such improvement as the statute exacts."

The opinion refers to the case of *California Portland Cement Co. v. Wentworth Hotel Co.*, 16 Cal. App. 692, 118 Pac. 103, in which was sustained the claim of lien for furnishing and planting seeds, trees and shrubs, and in caring for the same for such a period of time as would insure that the seeds had become well started and the plants and trees were thoroughly settled in the ground. In that case, the court says:

"It is probably not true that under the terms of this section, a gardener or tiller of the soil could claim a lien by reason of labor expended in the general care of trees or crops, but under the contract made with Chisholm it appears that he was only to plant the seeds, trees, flowers, shrubs, etc., and to see that they were well started after being placed in the ground."

It is clear that, under the California cases, appellant's claim would be rejected.

The *Donehoo* case involved the construction of a permanent improvement or betterment statute, and held that the *planting* of an apple orchard, which enhanced the value of the land itself, was a permanent improvement under the statute of Alabama. The case does not consider the question of a right of lien for merely cultivating and caring for an orchard. Cases sustaining or recognizing liens for "planting a vineyard;" "planting trees, shrubs, and flowers;" "planting an apple orchard," or "breaking and reducing wild lands to cultivation," are not in point for the reason that, in all of those cases, the labor amounts to a connected and completed operation, while work in cultivating and caring for an orchard is more or less intermittent, disconnected, and seasonal. Indeed, in this case the work extended over a period of about two years. The lien statute under consideration refers to the "commencement of the performance of the labor" (Rem. Code, § 1132), and confers rights as of that time, and

provides for the filing of notice of lien within ninety days "from the date of the cessation of the performance of such labor," (Id., § 1134), which clearly indicates that the statute does not refer to intermittent or disconnected operations. To recognize liens for such labor would seriously affect the stability of real estate titles and result in endless confusion.

Affirmed.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.