[No. 15813. Department Two. January 20, 1921.]

JOSEPH MICHAUD, *Appellant*, v. BURBANK COMPANY
*et al., Respondents.*[1]

AGRICULTURE (5) — LIENS — RIGHT TO. A farm laborer cannot claim a lien for caring for a crop of alfalfa by the customary seasonable conveyance of water from irrigation flumes, under Rem. Code, § 1131, giving a lien to one who "clears, grades, fills or otherwise improves" property at the request of the owner.

MASTER AND SERVANT (2) — THE RELATION — EVIDENCE OF EMPLOYMENT. The owner of land is not liable for the wages of a farm laborer employed by an independent contractor who was to reduce wild land to a state of cultivation and grow one crop thereon.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered December 11, 1919, dismissing on the merits an action to foreclose a laborer's lien, tried to the court. Affirmed.

[1]Reported in 194 Pac. 985.

*Chas. W. Johnson,* for appellant.

*Reynolds & Bond* and *Sharpstein, Smith & Sharpstein,* for respondents.

MITCHELL, J.—During the summer and fall of 1918, the plaintiff performed work as a farm laborer. His services consisted in looking after the seasonal irrigation of, and helping to harvest, a crop of rye and two crops of alfalfa. The premises had already been provided with flumes and ditches for the distribution of water over the lands that had been leveled and seeded. The flume was new, but it seems the plaintiff performed an almost negligible amount of work in patching the flume at a few places, according to the customary requirements at the hands of farm laborers in such cases. Otherwise his work consisted chiefly of opening and keeping open the shallow surface furrows to convey water over the fields, which, according to the usual manner of cultivating alfalfa, has to be done more or less each season with more or less changes in the immediate location of such trenches from year to year. Not having been paid his wages in full, the plaintiff filed a notice of claim of lien upon the real property for the balance due for labor performed "in making improvements by leveling, fluming, clearing and preparing for a state of cultivation" the land described. This action was brought to foreclose that lien. There was a judgment dismissing the action, upon a trial of the case, from which judgment the plaintiff has appealed.

Appellant relies on Rem. Code, § 1131, as follows:

"Any person who, at the request of the owner of any real property, his agent, contractor or subcontractor, clears, grades, fills in or otherwise improves the same . . . . has a lien upon such real property for

the labor performed, or the material furnished for such purposes.''

It is clear that, if the claim set up is lienable under the statute, it must be so because of the words ''or otherwise improves the same'' found therein. It cannot be said, however, that the labor performed in this case in caring for the crops after they were seeded, in what appears to be the customary seasonal manner, ''is of the same general character or in the same general class as labor in grading, clearing, or filling in land, and therefore, under the well known rule of *ejusdem generis,* is not within the statute.'' *Howe v. Myers,* 94 Wash. 563, 162 Pac. 1000, L. R. A. 1917D 349.

It is further claimed by the appellant that he was, nevertheless, entitled to a personal judgment against the owner of the real property for the balance due on his wages. But the testimony shows he was not employed by the owner of the property but by an independent contractor who alone had the right of employing and discharging all laborers, in the performance of a written contract with the owner to reduce the land, at a stipulated price per acre, from a wild state to one suitable for cultivation, in addition to the growing of a crop thereon for one year. It was to the independent contractor appellant looked for his pay, rather than the owner of the land, so far as personal liability was concerned.

Affirmed.

HOLCOMB, MOUNT, MAIN, and TOLMAN, JJ., concur.